UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
                                  :

UNITED STATES OF AMERICA,        :

                               :

       - against -             :

                               :               23-CR-134 (VSB)

DARRYL COHEN,               :

                               :                 **ORDER**

                   Defendant.   :

                               :
-----------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

       I am in receipt of the Defense's letter motion requesting a 30-day adjournment of the trial

date, dated January 2, 2026.  (Doc. 391.)  I am also in receipt of the Government's response

delineating why the request for an adjournment should not be granted, (Doc. 399), and the

Defense's letter motion requesting a status conference.  (Doc. 403.)  For the reasons stated in the

Government's letter response and that follow, the Defense's adjournment request is DENIED.

The Defense's request for a status conference is also DENIED.  I address in this Order some but

not all of the reasons I find the request for an adjournment not well taken.

       The trial in this case was initially set for September 16, 2024.  (Doc. 69.)  Thereafter, the

trial date was adjourned three times:  first until February 18, 2025; then until September 23,

2025; and most recently until January 20, 2026.  (*See* Doc. 399 at 1.)

       On November 25, 2025, the Defense requested another six-week adjournment.  The

Government opposed, and I denied the adjournment request on December 3, 2025.  (*Id.*)  This

request filed on January 2, 2026 is now the third adjournment request sought by the Defense that

the Government has opposed, this time put forward just 18 days before trial.  (*Id.*)

1

The Defense argues that adjournment is warranted because of "new documents, allegations and legal theories." (Doc. 391 at 1.)  However, a vast majority of the documents that Defense claims are "new" were disclosed to the Defense as part of Rule 16 discovery.  (Doc. 399 at 2.)  In the Government's response, it further identifies "key transactions" it "may show the jury." (*Id.* at 3.)  I would encourage the Government to continue to narrow the list of exhibits it will mark and seek to introduce at trial and keep the Defense apprised of such narrowing, as it has expressed a willingness to do in its opposition motion.  (*Id.* at 3 n.2.)

The other arguments put forward by the Defense, namely that the Government seeks to introduce "new factual allegations," and "legal theories," and that the "Government's motions *in limine* include extensive 404(b) evidence", (Doc. 391 at 4), do not support adjournment.  The Defense claims that the Government "introduce[s]" "entirely novel theories of culpability," in their motions *in limine*.  In their motions *in limine* opposition, the Defense argues that these theories amount to a constructive amendment of the indictment.  (Doc. 398 at 8–17.)  However, issues of constructive amendment "only ripen when the Government has actually put in its case. There is no way that the court could address these issues until after the Government's evidence comes in." *United States v. Connolly*, No. 16-CR-370, 2018 WL 2411760, at *7 (S.D.N.Y. May 15, 2018).  In short, these arguments to not support adjournment.

In addition, the Defense does not cite any authority for adjourning the trial a fourth time over the opposite side's objection on the basis of the volume of 404(b) evidence for which admission is sought.

Trial will proceed on January 20, 2026.  A final pre-trial conference is scheduled for January 13, 2026 at 2:00 p.m.

SO ORDERED.

Dated:    January 7, 2026
          New York, New York

Vernon S. Broderick
United States District Judge