UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------X
                                  :

UNITED STATES OF AMERICA,       :
                                  :

        - against -          :
                                  :              23-CR-134 (VSB)

DARRYL COHEN,              :
                                :                 **ORDER**

                    Defendant.   :
                                  :
---------------------------------------------------------X

VERNON S. BRODERICK, United States District Judge:

On Friday, during the cross-examination of Lauren Holiday, the Defense sought to read

certain documents, including tax returns and other financial statements, into evidence.  (Jan. 30,

2026, Trial Tr., 256:19-266:24.)  In response to certain of the questions, Ms. Holiday responded

that she did not recall.  (*See, e.g.*, *id.* at 259:22-24; 261:8-11.)  "[A] witness' recollection may be

properly refreshed by writings and papers which are not in themselves admissible in evidence"

and "the propriety of refreshing a witness' recollection on cross-examination lies largely within

the sound discretion of the trial judge."  *United States v. Baratta,* 397 F.2d 215, 222 (2d Cir.

1968).

However, a declarant-witness's prior inconsistent statement can only be offered for the

truth of the matter asserted if it is "inconsistent with the declarant's testimony and was given

under penalty of perjury at a trial, hearing, or other proceeding or in a deposition."  Fed. R. Evid.

801(d)(1)(A).  A prior inconsistent statement can be offered to impeach a witness, but not

substantively, pursuant to Federal Rule of Evidence 613, provided that the "prior inconsistent

statement must relate to a material rather than a collateral matter," among other requirements.

*See United States v. Ghailani*, 761 F. Supp. 2d 114, 117 (S.D.N.Y. 2011).  "A witness may be

impeached by evidence of the witness's *own* prior statements," but not those of a third party. *United States v. Otufale*, 740 F. Supp. 3d 233, 248 (E.D.N.Y. 2024) (emphasis in original).

The parties should be prepared to discuss on Monday at 9:30 a.m. whether the documents shown to Ms. Holiday qualify as prior inconsistent statements or were otherwise admissible under the Federal Rules of Evidence. The parties should also be prepared to discuss the parameters of impeachment of future witnesses with prior inconsistent statements. Any citations to case law either party intends to cite during the discussion should be provided in advance.

SO ORDERED.

Dated: February 1, 2026
New York, New York

Vernon S. Broderick
United States District Judge