**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

July 19, 2026

**VIA ECF**
The Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

**Re: United States v. Darryl Cohen, 23 Cr. 134 (VSB)**

Dear Judge Broderick:

The Government writes to request an exclusion of time under the Speedy Trial Act.

Count One of the Indictment remains pending against the defendant because the Court declared a mistrial as to that count due to the jury's inability to reach a verdict on it. On March 11, 2026, the Court excluded time "between March 10, 2026 and the date when the Court decides any post-trial motions by the Defendant or July 17, 2026, whichever is earlier." Dkt. 495. Because the post-trial motions remain pending, the Government requests that time be excluded under the Speedy Trial Act between the date of the Court's order and the date when the Court decides any post-trial motions or October 7, 2026 (the date of sentencing), whichever is earlier.

Such an exclusion of time is in the interest of justice and outweighs the interest of the public in a speedy trial so that the defendant can brief any post-trial motions and the Court can consider them. *See* 18 U.S.C. § 3161(h)(7)(A); *United States v. Storm et al.*, 23 Cr. 430 (KPF) (dkt. 278) (after jury convicted on certain counts and hung on others, concluding, "the Court finds that the ends of justice would be served by excluding time under the Speedy Trial Act from January 22, 2026, until April 9, 2026, and that this would outweigh the interests of the public and the defendant in a speedy retrial, because it will give the parties and the Court additional time to consider Mr. Storm's post-trial motions"); *see also United States v. Salerno*, No. 90 CR 87-5, 1994 WL 30955, at *2 and n.6 (N.D. Ill. Feb. 1, 1994) (after jury convicted on certain counts and hung on others, (i) concluding that post-trial motions on counts of conviction constituted a "proceeding" under 18 U.S.C. § 3161(h)(1), and (ii) noting "that this type of post-mistrial proceeding could reasonably be found to fall within the scope of subpart (D) ('delay resulting from trial with respect to other charges against the defendant') and arguably even subpart (F) (delay resulting from any pretrial motion) of § 3161(h)(1)").

The defendant consents to the exclusion of time.

Respectfully submitted,

JAY CLAYTON
United States Attorney

By: */s/ Kevin Mead*
Kevin Mead
Brandon C. Thompson
William C. Kinder
Assistant United States Attorneys
(212) 637-2211/2444/2394

cc: Counsel of Record (by email)

The time between today and October 7, 2026 is excluded under the Speedy Trial Act, as such an exclusion of time is in the interest of justice and outweighs the interest of the public in a speedy trial, in order to continue to consider Defendant's post-trial motion.

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 7/20/2026