BLOCH & WHITE LLP

90 BROAD STREET, SUITE 703
NEW YORK, NEW YORK 10004

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J. 10/06/2026

The sentencing scheduled for November 6, 2026 is hereby adjourned to February 11, 2027 at 11:00 a.m. Further extension requests will not be granted. The Court finds that the ends of justice served by granting a continuance outweigh the best interests of the public and the defendant in a speedy trial so that the court can consider post-trial motions relating to Count One. Accordingly, it is further ordered that the time between November 6, 2026 and February 11, 2027 is hereby excluded under the Speedy Trial Act, 18 U.S.C. 3161(h)(7)(A), in the interest of justice.

**Via ECF**
The Honorable Vernon S. Broderick
United States District Judge
Southern District of New York
40 Foley Square
New York, New York 10007
BroderickNYSDChambers@nysd.uscourts.gov

Re: *United States v. Cohen,* No. 23-cr-134 (VSB)

Dear Judge Broderick:

Mr. Cohen submits this letter requesting a 90-day adjournment of the sentencing date, currently scheduled for November 6, 2026. An adjournment is necessary for two reasons.

First, since Mr. Cohen's trial, the defense has become aware of certain sensitive issues relating to Mr. Cohen's history and background that are highly relevant to sentencing and which require deeper investigation. As such, Mr. Cohen has begun working with certain medical professionals, as well as a non-profit organization dedicated to, among other things, assisting individuals with mitigation in advance of sentencing. We have been informed by the professionals working with Mr. Cohen that they would require 90 days to ensure there is adequate time to evaluate Mr. Cohen and make appropriate recommendations to the Court for the Court's consideration at sentencing. We believe the time is critical to be able to provide the Court with a more detailed and comprehensive understanding of the history and characteristics of Mr. Cohen.

Second, the defense requires additional time to prepare its sentencing submissions. As the Court is aware, Mr. Cohen's trial lasted over five weeks, involves a voluminous factual record, and raised complex legal issues. The pre-sentence investigation has raised a host of additional unexpected legal and factual issues that will likely need to be addressed prior to sentencing, which the defense needs additional time to explore.

This is the defense's first request for an adjournment of the sentencing date. After correspondence with the defense about the defense's basis for the adjournment request, the Government indicated that it did not object to an adjournment of 30 days, but it objects to any adjournment longer than 30 days. The Government's exclusive basis for objecting to the 90-day adjournment is that a 90-day adjournment "would put us nearly a year after the conviction." The Government did not in any way address the specific reasons advanced by the defense above in support of the request. In particular, the Government does not address the prejudice that will result to Mr. Cohen if the defense is limited in its ability to fully and comprehensively present relevant mitigation at sentencing. *See United States v. Sullivan*, 694 F.2d 1348, 1348 (2d Cir. 1982) ("At sentencing, a defendant has the right… to present information in mitigation of punishment."); Fed.

R. Crim. P. 32. The Government's position also risks depriving Mr. Cohen of the opportunity to provide the Court with information that could materially assist the Court in determining sentencing issues before it. *United States v. Flowers*, 983 F. Supp. 159, 172 (E.D.N.Y. 1997) (delaying sentencing for approximately one year because the delay was "necessary, proper, and for good cause[,]" and noting that "[w]ithout this delay the court will not have a full and fair sense of the person it is to sentence.").

Notably, the Government raises no claim that it is in any way prejudiced by the extension, nor could it. Indeed, the prior (and only) request for an adjournment of the sentencing date was made by the Government. Mr. Cohen has been fully compliant with the terms of his supervised release from the date he was arrested in this case more than three years ago. And should the Court grant this request, the parties consent to the exclusion of time as to Count One under the Speedy Trial Act until the new sentencing date. Such an exclusion of time is in the interest of justice and outweighs the interest of the public in a speedy trial so that the Court can consider post-trial motions.

Respectfully submitted,

Michael Bloch

BLOCH & WHITE LLP
Michael L. Bloch, Esq.
90 Broad Street, Suite 703
New York, New York 10004
(212) 901-3820
mbloch@blochwhite.com